DAVID D. HARRIS #P54352
Name and Prisoner/Booking Number

CHCF- Stockton
Place of Confinement

P.O. Box 213040
Mailing Address

Stockton, CA 95213
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

TRIAL BY JURY

Both Defendants are being sued in their Official Capacity and Individual Capacity.

**FILED**
Jul 19, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

David D. Harris ,)
(Full Name of Plaintiff)          Plaintiff,  )
                                              )
                    v.                        )   CASE NO. __2:22-cv-1273-KJN (PC)__
                                              )              (To be supplied by the Clerk)
(1) A. Garcia C/O ,)
(Full Name of Defendant)                      )   TRIAL BY JURY.
(2) J. Figueroa C/O ,)                            MONETARY COMPENSATION
                                              )   **CIVIL RIGHTS COMPLAINT**
(3) _____ ,)                      **BY A PRISONER**
                                              )
(4) _____ ,)                      ☑ Original Complaint
            Defendant(s).                     )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
    ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☑ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    ☐ Other: _____.

2. Institution/city where violation occurred: __CHCF-Stockton__.

## B. DEFENDANTS

1. Name of first Defendant: __A. GARCIA__. The first Defendant is employed as:
   __Correctional Officer__ at __CHCF - STOCKTON__.
   (Position and Title)            (Institution)

2. Name of second Defendant: __J. FIGUEROA__. The second Defendant is employed as:
   __Correctional Officer__ at __CHCF - STOCTON__.
   (Position and Title)            (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as:
   _____ at _____.
   (Position and Title)            (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____ at _____.
   (Position and Title)            (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?  ☑ Yes  ☐ No

2. If yes, how many lawsuits have you filed? __3 OR 4__. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: __DAVID D. HARRIS__ v. __N. KENNEDY__
      2. Court and case number: __UNKNOWN__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Settled__

   b. Second prior lawsuit:
      1. Parties: __DAVID D. HARRIS__ v. __N. MALAKKALA__
      2. Court and case number: __UNKNOWN__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Settled__

   c. Third prior lawsuit:
      1. Parties: __DAVID D. HARRIS__ v. __FAYE BENKIE__
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Settled__

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: __8TH Amendment And 14th Amendment__

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☒ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   On 1-6-21 I was going to take a shower when I got to the shower door to go in, I was ordered in a loud voice to drop my shower stuff on the floor and to turn-around once I complied C/O A. Garcia ordered me to drop my cane and get down confuse I dropped my cane as soon as I did officer A. Garcia struck me in my face, leaving no alternative but to fight back after the exchanged of blows a second officer began to attack me, as a result me and both officers went to the ground. where I was assaulted more-so while in hand-cuffs. I am a disabled inmate on a cane so its either or (He) officer Garcia lied because He had no hand-cuff's in his hands, in order He either told to get-down or hand cuff-up it could not be both which one was it? I'm asking this court to ask the prison to save the camera foot-age of incident because both officers filed fraudulent statements by lying while everything is video tape.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   I was repeatedly punched in the face and back of the head after being cuffed-up

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☐ Yes ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. CHCF-Stockton appeals system is known covering up complaints they refused to allow me to fully exhaust my administrative remedies, so im left with no other recourse than to file my 1983 civil complaint.   See Exhibits #1.

3

## CLAIM II

1. State the constitutional or other federal civil right that was violated: **14 Amendment To Equal Protection, 6th Amendment Due Process**

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☒ Threat to safety
   - ☐ Other: ___

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Furthermore Officer Garcia has taken an oath to protect inmates and citizens from harm, Officer Garcia was in no imminate danger he struck me in the face for no reason. I've filed several complaints on this matter, the inmate appeals office is not processing my complaints, my initial complaint was filed 1-10-21 The appeals process is a 60 to 90 day process, Please explain to me why it has been over a year and I've filed numerous appeals (See staff use only section of the following exhibits Recieved By CHCF 2021 JAN 14th 11:17 By the Appeals office.)(See) also Second Complaint, Recieved By CHCF 2021 November 2nd AM 10:58) And to date still my 602 has not been heard See additional Exhibits Dub Duplicates

   Moreover, I sustained head injuries Arm/Wrist Injuries if you look at the incident reports they are Conflicting Reporting Employee said " That I resisted on exhibit # 1.(A) and officer A. Garcia Admitted to stiking me in the face while I was downn." Yet on Exhibit 3 Responding Officer said I did not Resist, Harris complied without incident."

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Facial injuries/Head Arms/~~Head~~ Wrist.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☒ No
   b. Did you submit a request for administrative relief on Claim II? ☒ Yes ☒ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☒ Yes ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Due to CHCF-Stockton's Appeals Coruption No-one with an Excessive Force Complaint will be able to fully exhust.

4

## CLAIM III

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   ☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
   ☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
   ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

N/A

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
_____
_____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____.

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

## E. REQUEST FOR RELIEF

State the relief you are seeking:

I AM Requesting A Trial By Jury, monetary compensation Compensatory Damages in The Amount OF (5) Five million Dollars. Punitive Damages in The Amount OF (5) Five million Dollars. And Also presumed Damages, in The Amount OF (5) Five million Dollars. I Am Requesting That The Video Footage The Actual incident Be perserved AS AN Exhibit and Testimony.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __July 1st 2022__
         DATE                                          SIGNATURE OF PLAINTIFF

__Pro Se__
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

(Signature of attorney, if any)
__PRO Se__

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

## EXCESSIVE USE OF FORCE BY STAFF

1. "Injunctive relief is generally granted only when prisoners prove a widespread pattern or practice of unconstitutional use of force"; Hoptowit v. Ray 682 F.2d 1237, 1249 (9th Cir 1982);

2. (See also) California Penal Code 832.2(e)

3. U.S. vs. LaVallee 439 F.3d 670 (10th Cir 2006)

4. U.S. vs. Serrata F.3d 886 (10th Cir 2005)

5. U.S. vs. Donnelly 370 F.3d 87 (1st Cir 2004)

6. U.S. vs. Walsh 194 F.3d 37, 41-42, 48-51 (2d Cir 1999)

7. U.S. vs. Clayton, 172 F.3d 347, 351 N.4 (5th Cir 1999)

## CALIFORNIA CONSTITUTION OF RIGHTS:

8. ART. I Sect: Denied Right of Liberty

9. ART. I Sect: Denied Equal Protection pursuant 14 Amend.

10. ART I Sect 9: force Pains and Penalties.

11. ART I Sect: 17 Cruel And Unsual punishment.

12. ART I Sect: 24 Denied Right to Confront Accuser, Injured or damage Party.

13) Interference claim to the courts Bounds v. Smith 430, U.S. 817, 822, 97 S.Ct 1491 (1977)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

David D. Harris
                PLAINTIFF
    vs.
Correctional Officers,                  No.
A. Garcia and
J. Figueroa.
                DEFENDANTS.

42 USC § 1983 Civil Complaint. Trial By Jury Demand And Supplemental Jurisdiction For State Violation under The color of Law. (State)

David D. Harris Plaintiff in the above an entitled comes to this Court for Relief Under 42 U.S.C § 1983. Defendants A. Garcia and J. Figueroa assaulted the Plaintiff and then Fabricated injuries to Cover-up the Fact that they used Excessive use of Force. (See) U.S. V. La Vallee, 439 F.3d 670 (10th cir 2006) C/o's A. Garcia initiated First contact By stiking me in my Face Then we exchanged Blows Trying to defend myself (see video Footage of the incident)

1.

This is not the first time these Officers have been in these types of situations. They both have records for Assaulting Inmates (see) U.S. v. Serrata 425 F.3d 886 (10th Cir 2005) and U.S. v. Donnelly 370 F.3d 87 (1st Cir 2004) U.S. v. Clayton 172 F.3d, 347 N.4 (5th Cir 1999); In Exhibit # 1.(A) Reporting Employee stated, "that once I was down I continued to resist, which he claimed He used His physical strength." In Exhibit 2.(B) The Defendant claimed, "He struck me in my facial area, in which it did not have the desired effect." But, Exhibit 3.(c) also A Reporting Custodial Employee" stated I was not resisting and I complied with -out incident," Keeping in mind He seen everything and He was'nt involved in the altercation but He witnessed it; The Defendants Falsified State documents and Doctored the Incident reports for Workmans Comp which A. Garcia is still out to this day. J. Figueroa stayed out about 6 mo's for full commentary (see) or Request. Incident Log# 16856. This ends my additional Arguments I Hereby Swear under The Penalty of Perjury That The video footage will show that Both Defendants lied And I did not strike first, but C/O A. Garcia struck first A continued to strike long after I was down.   2.

[signature]                                July 1, 2022



**CALIFORNIA DEPARTMENT of Corrections and Rehabilitation**

# RULES VIOLATION REPORT

| CDC NUMBER<br>P54352 | INMATE'S NAME<br>HARRIS, DAVID D. | EPRD<br>01/05/2047 | FACILITY<br>CHCF-Facility B | HOUSING LOCATION<br>CHCF-B - B 305B1 - 115001L |
|---|---|---|---|---|
| VIOLATION DATE<br>01/06/2021 | VIOLATION TIME<br>20:27:00 | VIOLATION LOCATION<br>CHCF-Facility B - DAYROOM | | WITH STG NEXUS<br>No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

### CIRCUMSTANCES OF VIOLATION

On Wednesday January 6, 2021 at approximately 2027 hours while preforming my duties as B5B floor 3 officer I observed inmate Harris (P54352) being escorted to the shower by Officer Garcia. Once Harris got to the shower door he suddenly turned around and faced Officer A.Garcia. Harris threw his cane to the ground and suddenly got into a bladed stance. I heard Officer Garcia gave a direct order to Harris to get on the ground with negative results. I then observed Harris and Officer Garcia exchanging punches with each other in the upper part of the body. Due to the angle of my position at the officer's station I could not see who initiated contact first. I immediately made a radio call to central control via radio of a staff assault.
I gave a loud and direct order for Harris to get on the ground with negative results. To subdue an attacker, gain compliance with a lawful order and effect custody, I grabbed Harris on the upper part of his body with my hands and forced him to the ground into a prone position. Harris started to resist by tucking his left arm underneath his body. I gave a loud, direct order for Harris to stop resisting and place his hands behind his back with negative results. To effect custody, overcome resistance and gain compliance with a lawful order I grabbed Harris left arm with both my hands and forced it behind his back with my physical strength. Once Harris left hand was secure I then grabbed Harris right arm with my hands to secure them but Harris continued to resist by pulling his arm toward his body. I used my physical strength and forced his arm behind his back and was then secured. Once Harris was in restraints he stopped resisting. Due to my focus on Harris arms I did not see what hand placements Officer Garcia and Officer Figuora used to secure Harris. I was then relived my Officer Corona.
This concludes my involvement in this incident.

| REPORTING EMPLOYEE<br>K. Saetern | TITLE<br>C/O | ASSIGNMENT | RDO<br>T/F | DATE:<br>01/06/2021 |
|---|---|---|---|---|

| RVR LOG NUMBER: 000000007054669 | VIOLATED RULE NUMBER: 3005(d)(1) |
|---|---|
| SPECIFIC ACT: Battery on a Peace Officer | |

### CLASSIFICATION

LEVEL: Serious                                          OFFENSE DIVISION: Division B

| STATE OF CALIFORNIA | | | DEPARTMENT OF CORRECTIONS AND REHABILITATION |
|---|---|---|---|
| CRIME / INCIDENT REPORT PART C1 - SUPPLEMENT CDCR 837-C1 (Rev. 10/15) | PAGE 2 Of 2 | | INCIDENT LOG NUMBER 16856 |
| NAME: LAST GARCIA | FIRST A | | MI NMI |

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE:

Due to the imminent threat, I gave inmate HARRIS a direct order to get down on the ground with negative results. I gave HARRIS a second direct order to turn around and cuff up while simultaneously reaching out with my left hand in an attempt to place HARRIS in mechanical restraints (handcuffs), to effect custody and to gain compliance with a lawful order. HARRIS immediately became actively resistive by pulling away from me and using his left fist striking me on my right shoulder.

After being battered, I immediately used my right fist to deliver a strike to the left facial area of HARRIS while ordering him to "GET DOWN". HARRIS did not comply. He continued to advance towards me. I assessed and gave HARRIS another order to "GET DOWN" while simultaneously grabbing HARRIS' right arm with both hands and with the assistance of Officer's Figueroa and Saetern; we used our body weight to force HARRIS to the ground. Due to my focus on HARRIS, I was unable to see the hand placements or techniques utilized by responding staff while forcing HARRIS to the ground. As we went down to the floor, HARRIS' bodyweight landed on my right hand and wrist causing immediate, sharp pain.

Once on the ground, I placed both hands on top of HARRIS' upper back area while applying downwards pressure as HARRIS continued to resist by thrashing his body from side to side and refusing to submit to handcuffs by holding both his hands under his body while in a prone position. I gave HARRIS a direct order to cuff up with negative results. Utilizing my right hand, I delivered a punch to HARRIS' facial area. My strike did not have the desired effect as HARRIS continued to resist by holding both hands under his body. I gave another order to HARRIS to stop resisting and submit to me handcuffs, HARRIS did not comply, and he continued thrashing his body from side to side. I continued to maintain my focus on HARRIS upper back area while applying downwards pressure with both hands. I heard the sounds of handcuffs being applied to HARRIS however due to my focus on HARRIS' upper body I did not observe who placed them on. At which point HARRIS stopped resisting and became compliant. At this point all use of force ceased. Responding Officers Villafan and Corona relieved me of my position and provided coverage of HARRIS while I vacated the immediate area and awaited further instruction.

Building medical staff conducted a CDCR 7219 on me due to my sustained injuries to my right hand and wrist. I was escorted to the outside hospital for further medical treatment.

This concludes my involvement in the incident.

*[Handwritten note:]* QUESTION? IF, 1 Correctional Officer WAS Fighting AND We Were, Exchanging Blows Then How WAS Trying TO CUFF Me UP?;

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITONAL CDCR 837-C1.

| SIGNATURE OF REPORTING STAFF | TITLE CORRECTIONAL OFFICER | BADGE # / ID # | DATE 1/8/2021 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) SGT. D. DE SHA | DATE RECEIVED 1/8/2021 | CLARIFICATION NEEDED ☐ YES ☒ NO | APPROVED ☒ YES ☐ NO | DATE 1/8/2021 |

DISTRIBUTION: Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

| | | |
|---|---|---|
| CDCR | INCIDENT REPORT PACKAGE | PAGE: 17 |
| REPORT NO. IRTR161 - 12 | INCIDENT LOG NUMBER: 000000000016856 | PROCESSED: 01/15/2021 18:44 |
| | | REQUESTOR: M. Bradley |

## STAFF NARRATIVE

**STAFF NAME:** De Sha, ~~[redacted]~~  
**NARRATIVE TYPE:** Initial Report  
**CREATED DATE:** 01/06/2021  
**CREATED TIME:** 22:25:56  

### NARRATIVE

On Wednesday, January 6, 2021, at approximately 2027 hours, while performing my duties as Facility B Sergeant #2, I responded to an alarm in B5B. Upon arrival I was informed that there was an incident in the dayroom, which necessitated the use of physical force and the inmate identified as Harris (P54352 B5B-115) had already been rehoused.
I was informed that Inmate Harris was being escorted to the unit shower and turned towards the officers with raised fists, necessitating the immediate use of physical force to quell the threat and gain compliance with a lawful order.
I was advised that Correctional Officers J. Figueroa, A. Garcia and K. Saetern had sustained injuries from the incident.
I instructed unit medical staff to conduct CDCR 7219's Medical Report of Injury or Unusual Occurrence reports on all injured staff and Inmate Harris. Correctional Officers J. Figuerora and A. Garcia were sent to Standby Emergency Medical Services (SEMS) for treatment and then to an outside hospital for further treatment and evaluation.
I informed all staff in the building if they witnessed the use of force that they are required by policy to submit an Incident report.
The Employee Assistance Program (EAP) and Peer Support Program (PSP) were offered to all personnel involved.

D. Desha  
**STAFF SIGNATURE**  
**DATE:** 01/08/2021  

**BADGE #:** ~~[redacted]~~  
**PERNR:** ~~[redacted]~~  

**NARRATIVE REVIEWED:** Yes  
**REVIEWED BY STAFF:** Castille, ~~[redacted]~~  
**REVIEWED DATE:** 01/08/2021  
**REVIEWED TIME:** 14:20:45  

---

**STAFF NAME:** Villafan ~~[redacted]~~  
**NARRATIVE TYPE:** Initial Report  
**CREATED DATE:** 01/06/2021  
**CREATED TIME:** 22:41:28  

### NARRATIVE

On Wednesday January 6, 2021, at approximately 2027 hours while preforming my duties as B5A officer #1. I responded to a code 1 alarm announced via Intuitional radio for a code 1 response to B5B. As I entered the building though the center corridor, I turned to my right and observed Officers J. Figueroa and A. Garcia on the left side of Inmate Harris CDCR (P54352 B5B-115) in kneeling position's and Officer K. Seatern was also in a kneeling position on the right side of Inmate Harris. Inmate Harris was Lying on the floor, on his stomach in a prone position with mechanical restraints (hand cuffed) <u>not actively resisting</u>. I then relived Officer Garcia and took custody of Inmate Harris by placing my right hand on Harris's left bicep area without applying any force. I then ordered Harris to roll onto a recovery position on his side and conducted a cloth body search yielding negative results. <u>Harris complied without incident.</u> I then assisted Inmate Harris to his feet under his own power by placing my left hand on Harris right bicep area as Officer Corona helped from the left side of Inmate Harris. I was unable to see Office Corona's hand placement due to my focus on Inmate Harris. Officer Corona and I escorted Harris to the Exam room, Medical staff arrived and to perform a CDCR 7219 Medical evaluation on Inmate Harris. Inmate Harris refused any and all medical Attention. Officer Corona and I proceeded to escort Inmate back to his assigned cell B5B-115. Once at the threshold of the door I proceeded to remove the Handcuffs off of Harris and secured the cell door without Incident. I did not use or witness any force use, this concludes my involvement in this incident.

J. Villafan  
**STAFF SIGNATURE**  
**DATE:** 01/06/2021  

**BADGE #:** ~~[redacted]~~  
**PERNR:** ~~[redacted]~~  

**NARRATIVE REVIEWED:** Yes  
**REVIEWED BY STAFF:** De Sha, ~~[redacted]~~  
**REVIEWED DATE:** 01/06/2021  
**REVIEWED TIME:** 22:52:19  

"Not Actively Resisting"

EXCESSIVE And UNNecessary USE   1st Complaint
OF FORCE CAL. Pen Code -
.6133,

# STATE OF CALIFORNIA
## INMATE/PAROLEE APPEAL
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First): HARRIS, DAVID
CDC Number: P54352
Unit/Cell Number: BSB-115
Assignment: N/A

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
EXCESSIVE & UNNECESSARY USE OF FORCE CCR .3268 a) 2) 3)

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): ON 1-8-21, I, I/M D. HARRIS WAS being escorted To The Shower in BSB when I WAS ordered By C/O's GARCIA, & Figueroa To drop my Shower gear And Face Them, Then I WAS Told drop my CANE

B. Action requested (If you need more space, use Section B of the CDCR 602-A): CCH'd on 602(A) (A.R.) It is The Action Requested That This matter be Investigated By (I.A.B) Per. Cal. Pen Code .6133, And Video Footage be Reviewed For Proper Verification of my claims.

Supporting Documents: Refer to CCR 3084.3.
☒ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
1.) Lock up-order  2.) 7219 Injuries Sustained during Attack.

☐ No, I have not attached any supporting documents. Reason:

Inmate/Parolee Signature: [signature]   Date Submitted: 1/10/21

☐ By placing my initials in this box, I waive my right to receive an interview.

APPEALS 2021 JAN 14 AM 11:17 RECEIVED CHCF

STAFF USE

C. First Level - Staff Use Only
This appeal has been:   Staff – Check One: Is CDCR 602-A Attached? ☐ Yes ☐ No
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: ___ Date: ___ Date: ___ Date: ___
☐ Cancelled (See attached letter) Date: ___
☐ Accepted at the First Level of Review.
Assigned to: ___ Title: ___ Date Assigned: ___ Date Due: ___

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: ___ Interview Location: ___
Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: ___
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: ___ (Print Name)  Title: ___ Signature: ___ Date completed: ___
Reviewer: ___ (Print Name)  Title: ___ Signature: ___
Date received by AC: ___

AC Use Only
Date mailed/delivered to appellant ___/___/___

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First): HARRIS, DAVID
CDC Number: P54352
Unit/Cell Number: BSB-115
Assignment:

2021 JAN 14 AM 11:0   APPEALS   RECEIVED CHCF

**A. Continuation of CDCR 602, Section A only (Explain your issue)** CONT'd - Showers are perform-ed from 2:15 P.M. to 4:00 PM, as a result of not being afforded a shower I boarded my cell door up in-order to speak to an Sgt. with negative results; I Then fully complied and took my P.M. meds approximately 7:00 Between 7:45, officer Garcia and Figueroa made sever-al threatening statements, yet still offered me a shower at 8:27 PM ("almost count-time") If this wasn't odd-enough, while being escorted to the shower, I was given a direct-order by both officers in quest-ion to drop my shower equipment on the floor and turn around, as directed I was about to open the shower door when given this order, as ordered I fully complied I then was given a force-ful order to drop my (A.D.A) cane, in which I complied But not without asking, "man what the ~~~~ - is going on?") After this I was then attacked by C/o Garcia who swung his right fist towards my face, The I defended my self, after being subdued I then as assaulted while down

Inmate/Parolee Signature: [signature]    Date Submitted: 1-10-21

(See) 7219 - 1.7.21

**B. Continuation of CDCR 602, Section B only (Action requested):** # My 1st (A.R.) is that Video footage being saved and Reviewed for adequate verification of this incident. 2nd (A.R.) That this be noted as a staff complaint and be reviewed by The Internal Affairs Unit Per. Cal. Pen. Code 6133. 3rd (A.R.) A copy of this complaint be placed in both, C/o Garcia and C/o Figueroa's permanent file. 4th (A.R.) All Video footage held for at least 3 yr's. 5th (A.R.) That all disciplinary actions against This writer be dismissed for falsification of state documents, (See) Incident log # 16856. Because both officer signed state documents allegi-ing That I, I/m Harris attacked C/o Garcia first, which was not the case. Lastly, Cruel and unusual Prison Conditions be noted Per. Cal. Pen Code §§ 2650-2652.

Inmate/Parolee Signature: [signature]    Date Submitted: 1.10.21



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

## CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:** Grievance Claims Decision Response

**Offender Name:** HARRIS, DAVID DEMOND  **Date:** 02/17/2021
**CDC#:** P54352
**Current Location:** CHCF-Facility B  **Current Area/Bed:** B 305B1 - 115001L

**Log #:** 000000078405

### Claim #: 001

**Institution/Parole Region of Origin:** California Health Care Facility - Stockton  **Facility/Parole District of Origin:** CHCF-Facility B
**Housing Area/Parole Unit of Origin:**
**Category:** Offender Safety and Security  **Sub-Category:** Use of Force

### I. CLAIM

The Appellant requests that video footage to be saved for adequate time. the Appellant requests that CDCR 602 Log # 78405 be reviewed as a Staff Complaint. The Appellant requests a copy of the CDCR 602 Log # 78405 be placed in Correctional Officer Garcia and Figueroa's personnel file.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

CCR 3084.1 Right to AppealCCR 3391 Employee MisconductInstitutional Operational Procedure 01-047 Vicon-Net Recording System

#### B. DOCUMENTS CONSIDERED

CDCR 602 Log #78405

### III. REASONING AND DECISION

Per I-OP 01-047 The video evidence shall be managed by the institutions Investigative Services Unit (ISU) or as directed by the Hiring Authority for a period of one (1) year. Date may be preserved for a longer period upon notification of the Office of Legal Affairs (OLA), Office of Internal Affairs (OIA), and/or Office of the Attorney General (OAG). This Is disapproved as a Staff Complaint but is being processed/completed as a routine appeal process. Information regarding Staff training, personnel actions or disciplinary actions is Confidential to inmates. As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants. The Appellants actions being requested is DENIED.

### Decision: Disapproved

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to DISAPPROVE the claim.

If you are dissatisfied with the decision of this claim, you may file a 602-2, appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

| Staff Signature | Title | Date/Time |
|---|---|---|
| E. Pedersen [PEER006] | CDW | 02/16/2021 |

*Excessive use of Force, by staff.* *Gatekeeping* *8th amendment violations.*

STATE OF CALIFORNIA                                                                                            DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)                                                                                                                                             Side 1

*Hopwit v. Ray 682 Fed 1237, 1253 (9th Cir. 1982)*

| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|
| | | | | |

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First): **HARRIS, DAVID**    CDC Number: **P54352**    Unit/Cell Number: **B2B-104**    Assignment:

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
**Excessive use of Force by C/O Garcia and C/O Figeroa**

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): **On January 6th 2021 I was attacked and had to defend and fight for my life by C/O Garcia and C/O Figeroa physically attacked me.**

B. Action requested (If you need more space, use Section B of the CDCR 602-A): **I've filed one 602 two days after the initial incident and its been at the 2nd level here, and its being systematically circumvented by prison staff (Appeals) which is a form of Gatekeeping**

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

☒ No, I have not attached any supporting documents. Reason:

Inmate/Parolee Signature: [signed]    Date Submitted: **10-27-21**

RECEIVED CHCF 2021 NOV 2 AM 10:55 APPEALS STAFF USE ONLY

☐ By placing my initials in this box, I waive my right to receive an interview.

C. First Level - Staff Use Only    Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: ___ Date: ___ Date: ___ Date: ___
☐ Cancelled (See attached letter) Date: ___
☐ Accepted at the First Level of Review.
Assigned to: ___ Title: ___ Date Assigned: ___ Date Due: ___

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: ___ Interview Location: ___
Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other:
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: ___ (Print Name) Title: ___ Signature: ___ Date completed: ___
Reviewer: ___ (Print Name) Title: ___ Signature: ___
Date received by AC: ___

AC Use Only
Date mailed/delivered to appellant ___/___/___

**2nd complaint**

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First): HARRIS, David
CDC Number: P54352
Unit/Cell Number: B2B/104
Assignment:

**A.** Continuation of CDCR 602, Section A only (Explain your issue): As stated previously There is no logical explanation for my very first grievance 10 months unless something is being covered-up or stone-walled by upper echlon staff or circumvented by Appeals Coordinators, I am unable to fully exhaust my Appeals Remedies.

Gibson V. County of Neveda (Washoe) 290 F3d 1175, 1189 (9th Cir 2002)

RECEIVED CHCF 2021 NOV -2 AM 10:58

Inmate/Parolee Signature: [signature]   Date Submitted: 10-27-21

**B.** Continuation of CDCR 602, Section B only (Action requested): It is my (A.R.) that All video Footage From Jan 6th 8:00 pm to 9:00 pm Be stored and saved for further Appeals Litigations/Attorney General staff and This Appeal Be logged and filed Accordingly

Respectfully
Submitted.

Inmate/Parolee Signature: [signature]   Date Submitted: 10-27-21

B4A-125

**CALIFORNIA DEPARTMENT of Corrections and Rehabilitation**

# OOG ACKNOWLEDGMENT OF RECEIPT AND CLOSURE OF GRIEVANCE

**Offender Name:** HARRIS, DAVID D.                **CDC#:** P54352

**Date:** 11/02/2021

**Current Location:** CHCF-Facility B              **Current Area/Bed:** B 304A1125001L

**From:** Office of Grievances at California Health Care Facility - Stockton

**Re:** Log # 000000182461

The California Department of Corrections and Rehabilitation Office of Grievances at California Health Care Facility - Stockton received your grievance on 11/02/2021. Your grievance has not been assigned for review and response because your claim(s) is being handled as specified below.

**Claim # 001:**

Your claim concerning Offender Safety and Security;Use of Force is being rejected by Office of Grievances for the reason(s) indicated below:

Your claim is substantially duplicative of a prior claim already submitted by you that is in process or has been answered.

Claim is a duplicate; refer to log# 78405.

This serves as your response by the Office of Grievances. If you are dissatisfied with this response, you may appeal the rejection decision to CDCR's Office of Appeals.

Do not resubmit this claim to the Office of Grievances at California Health Care Facility - Stockton.

CDCR SOMS OGTT300
OOG ACKNOWLEDGMENT OF RECEIPT AND CLOSURE OF GRIEVANCE

**CALIFORNIA DEPARTMENT of Corrections and Rehabilitation**

## OOG ACKNOWLEDGMENT OF RECEIPT AND CLOSURE OF GRIEVANCE

**Offender Name:** HARRIS, DAVID D.  **CDC#:** P54352

**Date:** 11/02/2021

**Current Location:** CHCF-Facility B  **Current Area/Bed:** B 304A1125001L

**From:** Office of Grievances at California Health Care Facility - Stockton

**Re:** Log # 000000182461

The California Department of Corrections and Rehabilitation Office of Grievances at California Health Care Facility - Stockton received your grievance on 11/02/2021. Your grievance has not been assigned for review and response because your claim(s) is being handled as specified below.

**Claim # 001:**

Your claim concerning Offender Safety and Security;Use of Force is being rejected by Office of Grievances for the reason(s) indicated below:

Your claim is substantially duplicative of a prior claim already submitted by you that is in process or has been answered.

Claim is a duplicate; refer to log# 78405.

This serves as your response by the Office of Grievances. If you are dissatisfied with this response, you may appeal the rejection decision to CDCR's Office of Appeals.

Do not resubmit this claim to the Office of Grievances at California Health Care Facility - Stockton.

CDCR SOMS OGTT300
OOG ACKNOWLEDGMENT OF RECEIPT AND CLOSURE OF GRIEVANCE