UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS,<br><br>          Plaintiff,<br><br>     v.<br><br>A. GARCIA, et al.,<br><br>          Defendants. | No.  2: 22-cv-1273 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the

1   complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.

2   Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468

3   U.S. 183 (1984).

4          Named as defendants are Correctional Officers Garcia and Figueroa.  Plaintiff alleges that

5   on January 6, 2021, defendants Garcia and Figueroa used excessive force in violation of the

6   Eighth Amendment when they assaulted plaintiff in the shower.  The undersigned finds that

7   plaintiff states a potentially colorable Eighth Amendment claim against defendants Garcia and

8   Figueroa.

9          Plaintiff also alleges that defendants Garcia and Figueroa violated his right to equal

10   protection and the Sixth Amendment based on the alleged January 6, 2021 assault.  Plaintiff may

11   also be claiming that a delay in processing his administrative grievances regarding the alleged

12   assault violated his right to due process.

13          The Equal Protection Clause "is essentially a direction that all persons similarly situated

14   should be treated alike."  City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439

15   (1985); see also Vacco v. Quill, 521 U.S. 793, 799 (1997).  To state an equal protection claim,

16   plaintiff must set forth facts which plausibly allege defendants intentionally discriminated against

17   him based on his membership in a protected class.  Hartmann v. California Dep't of Corr. &

18   Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013).

19          Plaintiff's complaint contains no allegations demonstrating that defendants discriminated

20   against him based on his membership in a protected class.[1]  Accordingly, plaintiff's equal

21   protection claim is dismissed.

22          Plaintiff alleges that the appeals office failed to process his grievances regarding the

23   alleged January 6, 2021 assault.  To the extent plaintiff alleges a due process claim based on the

24   failure of the appeals office to process his appeals, this claim is dismissed for two reasons.  First,

25   no defendants are linked to this claim.

26

27   [1]  While plaintiff alleges that he is disabled, the undersigned observes that for the purposes of
     equal protection analysis, the disabled do not constitute a suspect class.  Does 1-5 v. Chandler, 83
28   F.3d 1150, 1155 (9th Cir. 1996).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff does not allege that defendants Garcia or Figueroa interfered with his grievances regarding the January 6, 2021 assault.  Therefore, plaintiff's due process claim is dismissed because no defendants are linked to this claim.

In addition, plaintiff has no due process right to a certain grievance procedure, and the processing or rejection of grievances or appeals, without more, cannot serve as a basis for Section 1983 liability.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted), cert. denied, 541 U.S. 1063 (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration).  Accordingly, plaintiff's due process claim based on the alleged failure of the appeals process to process his grievances fails to state a potentially colorable claim for relief.

////

////

////

4

Turning to plaintiff's Sixth Amendment claim, the Sixth Amendment provides,

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

The allegations in the complaint do not implicate the Sixth Amendment.  Accordingly, plaintiff's Sixth Amendment claim is dismissed.

Although it does not appear plaintiff can cure the pleading defects discussed above, plaintiff is granted thirty days to file an amended complaint.  Plaintiff may proceed forthwith to serve defendants Garcia and Figueroa and pursue his potentially colorable Eighth Amendment claim or he may delay serving defendants and attempt to state additional potentially colorable claims.

If plaintiff elects to attempt to amend his complaint to state additional cognizable claims, he has thirty days so to do.  He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Garcia and Figueroa with the potentially colorable Eighth Amendment claim, he shall return the attached notice within thirty days.  Following receipt of that notice, the court will order service of defendants Garcia and Figueroa as to the Eighth Amendment claim.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

5

personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir]

7

welfare. . . ." Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. All claims but for the Eighth Amendment claim against defendants Garcia and Figueroa are dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state additional cognizable claims.  Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state a potentially colorable Eighth Amendment claim against defendants Garcia and Figueroa.  See 28 U.S.C. § 1915A.  If plaintiff opts to proceed on his original complaint as to the Eighth Amendment claim against these defendants, he shall return the attached notice within thirty days of service of this order.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  July 26, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Harr1273.14

8

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID D. HARRIS,                          No.  2: 22-cv-1273 KJN P

12              Plaintiff,

13        v.                                    NOTICE of ELECTION

14    A. GARCIA, et al.,

15              Defendants.

16
            _____ Plaintiff opts to proceed with the original complaint as to the Eighth Amendment
17    claim against defendants Garcia and Figueroa.  Plaintiff consents to the dismissal of all
      other claims against defendants Garcia and Figueroa in the original complaint without
18    prejudice.

19        **OR**

20          _____ Plaintiff opts to file an amended complaint and delay service of process.

21    DATED:

22                                         _____
23                                         Plaintiff

24

25

26

27

28