UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>A. GARCIA, et al.,<br><br>        Defendants. | No.  2: 22-cv-1273 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

      Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for injunctive relief filed July 29, 2022.  (ECF No. 8.)  For the reasons stated herein, the undersigned recommends that plaintiff's motion be denied.

      Plaintiff filed the original complaint on July 19, 2022.  (ECF No. 1.)  On July 26, 2022, the undersigned issued an order screening the complaint.  (ECF No. 4.)  Named as defendants in the complaint are California Health Care Facility ("CHCF") Correctional Officers Garcia and Figueroa.  (Id.)  The undersigned found that plaintiff stated a potentially colorable Eighth Amendment claim against defendants Garcia and Figueroa for allegedly using excessive force against plaintiff on January 6, 2021.  (Id.)  The undersigned dismissed plaintiff's equal protection, Sixth Amendment and due process claims against defendants Garcia and Figueroa with leave to amend.  (Id.)

1

On August 5, 2022, plaintiff filed a Notice of Election form stating that he opts to proceed on the potentially colorable Eighth Amendment claim against defendant Garcia and Figueroa and consents to dismissal of all other claims against defendants Garcia and Figueroa in the original complaint without prejudice.  (ECF No. 9.)  Accordingly, the undersigned separately ordered service of defendants Garcia and Figueroa as to plaintiff's Eighth Amendment claim.

In the pending motion for injunctive relief, plaintiff argues that his administrative grievance against defendants Garcia and Figueroa is not being processed.  (ECF No. 8 at 1.)  Plaintiff seeks an order directing the CHCF Litigation Coordinator to "release" plaintiff's original grievance so that plaintiff can continue the exhaustion process.  (Id.)  Plaintiff also seeks an order directing the CHCF Investigative Unit to preserve video footage of the alleged excessive force.  (Id.)

Neither the CHCF Litigation Coordinator nor the CHCF Investigative Unit are named as defendants in this action.  The court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  For these reasons, plaintiff's motion for injunctive relief should be denied.[1]

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 8) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

---

[1] The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ..., or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Generally, a failure to exhaust is an affirmative defense that the defendant must plead and prove.  Jones v. Bock, 549 U.S. 199, 204, 216 (2007).  A delay in responding to a grievance may demonstrate that no administrative process is available.  Brown v. Valoff, 422 F.3d 926, 942 n. 18 (9th Cir. 2005).  The issue of prison officials' alleged failure to properly process plaintiff's grievance is more appropriately addressed in a motion filed by defendants raising this affirmative defense.  Regarding the video footage, at this stage of the proceedings, plaintiff may request prison officials to preserve the video footage.

after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 24, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Harr1273.tro