Case 2:22-cv-01273-DAD-KJN   Document 27   Filed 01/04/23   Page 1 of 3

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS, | No. 2: 22-cv-01273 DAD KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| A. GARCIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a temporary restraining order. (ECF No. 26.) For the reasons stated herein, the undersigned recommends that plaintiff's motion be denied.[1]

Discussion

This action proceeds on plaintiff's original complaint as to plaintiff's Eighth Amendment claims against defendants Correctional Officers Garcia and Figueroa. (ECF Nos. 1, 10.) Plaintiff alleges that on January 6, 2021, defendants Garcia and Figueroa used excessive force when they

---

[1] On September 12, 2022, the undersigned referred this action to the Post-Screening ADR Project and stayed this action for 120 days. (ECF No. 17.) This action is set for a settlement conference before Magistrate Judge Claire on March 9, 2023. (ECF No. 23.) This action is stayed to the date of the settlement conference. (ECF No. 24.) Although this action is stayed, the undersigned considers plaintiff's pending motion.

1

assaulted plaintiff in the shower. (Id.) Defendants are employed at the California Health Care Facility ("CHCF"). (Id.)

In the pending motion, plaintiff alleges that he is being retaliated against by "at least one of the defendants." (ECF No. 26 at 1.) Plaintiff alleges that he is being denied adequate medical care by Dr. Adams and Eugene Nguyen. (Id.) Plaintiff alleges that his primary care physician told him that he would never get adequate medical care because he is a snitch or a tattle tale and that plaintiff could die for all he cares. (Id.) Plaintiff alleges that he wrote several complaints on the matter and was told, "If I hear another word about my medical care" that he would stop plaintiff's pain medication. (Id.) Plaintiff alleges that he filed several lawsuits against CHCF medical staff which is the reason for the retaliation by staff. (Id. at 2.) As relief, plaintiff seeks adequate medical care and an end to retaliatory treatment. (Id. at 2-3.)

A "court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 633 (9th Cir. 2015). Significantly, a party moving for a preliminary injunction must necessarily establish a "relationship between the injury claimed in the motion for injunctive relief and the claims set forth in the underlying complaint itself." Id. at 636.

While plaintiff contends that he is being denied medical care as a result of retaliation by at least one of the defendants, plaintiff pleads no facts supporting this conclusory claim. Plaintiff goes on to allege that he is being denied medical care in retaliation for filing lawsuits against CHCF medical staff. Defendants in the instant action are correctional officers at CHCF against whom plaintiff alleges an Eighth Amendment claim for excessive force. Therefore, the undersigned finds that plaintiff is seeking injunctive relief in the pending motion for matters unrelated to the claims on which this action proceeds. For this reason, plaintiff's motion for injunctive relief should be denied.

////

////

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order (ECF No. 26) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 3, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Harr1273.tro