UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS,<br><br>       Plaintiff,<br><br>   v.<br><br>A. GARCIA, et al.,<br><br>       Defendants. | No.  2:22-cv-1273 DAD KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  On September 12, 2022, the undersigned referred this action to the Post-Screening ADR Project and stayed this action for 120 days.  (ECF No. 17.)  This action is set for a settlement conference before Magistrate Judge Claire on March 9, 2023.  (ECF No. 23.)  This action is stayed to the date of the settlement conference.  (ECF No. 24.)

On January 6, 2023, plaintiff filed a motion for appointment of counsel.  (ECF No. 28.)  Although this action is stayed, the undersigned herein considers plaintiff's motion for appointment of counsel.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

1

Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 28) is denied without prejudice.

Dated:  January 11, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

harr1273.31